

1  CRAIG K. MARTIN
2  35 Grove Street, Suite 110
   San Francisco, CA 94131
3  Telephone: (415) 640-4803

4  Attorneys for Plaintiff
   IN PRO PER
5

**FILED**

JUL 21 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

6              UNITED STATES DISTRICT COURT

7              NORTHERN DISTRICE OF CALIFORNIA

8
   CRAIG K. MARTIN,                    )    Case No.  **C11-03601**
9                                      )
                                       )
10           Plaintiff                 )    **COMPLAINT FOR DAMAGES**
                                       )
11  v.                                 )    1.  14th Amendment Violations,
    STATE BAR OF CALIFORNIA, OFFICE OF )    2.  Conspiracy – 42 USC 1958(3),
12  THE CHIEF TRIAL COUNSEL STATE BAR  )    3.  Violation of Due Process
    OF CALIFORIA, LAWRENCE J. DAL      )    4.  Denial of a Fair Trial,
13  CERRO, ASSISTANT CHIEF TRIAL       )    5.  Damages,
    COUNSEL, ALLEN BLUMENTHAL          )    6.  Prospective Injunctive Relief
14  SUPERVISING TRIAL COUNSEL,         )    7.  Plaintiff Demands Trial by Jury
    SHERRIE B. McLETCHIE, DEPUTY TRIAL )
15  COUNSEL, WONDER J. LIANG,          )
    ASSIGNED DEPUTY TRIAL COUNSEL,     )
16  JOHN W. MATNEY, INVESTIGATOR,      )
    SUSAN CHAN, DEPUTY TRIAL           )
17  COUNSEL, RUSSELL G. WEINER,        )
    INTERIM CHIEF TRIAL COUNSEL, MIKE  )
18  A. NISPEROS, JR., CHIEF TRIAL      )
    COUNSEL, DONALD STEEDMAN,          )
19  SUPERVISING TRAIL COUNSEL,         )
    ROBERT A. ENDRIES, DEPUTY TRIAL    )
20  COUNSEL,  JOHN W. MATNEY,          )
    INVESTIGATOR, and Does 1 through 50,)
21  inclusive                          )
                                       )
22                                     )
                                       )
23          Defendants.                )
                                       )
24  _____)
                                       )
25                                     /

26       Plaintiff, CRAIG K. MARTIN alleges the following:

27                      **JURISDICTION**

28

COMPLAINT                          - 1 -

1. Counts in this action arise under 42 U.S.C. section 1983. This Court has original jurisdiction pursuant to 28 U.S.C. section 1343(3).

## VENUE

2. Venue is proper in the United States District Court for the Northern District of California, pursuant to 28 U.S.C. sections 84 and 1391. The events that gave rise to this complaint occurred in the County of San Francisco, State of California, and the defendant's place of business is in the County San Francisco, California.

## INTRADISTRICT ASSIGMENT

3. The actions that gave rise to this complaint occurred in San Francisco County, California. Assignment of this action to either the San Francisco Division or Oakland Division of this Court is appropriate according to Local Rule 3-2(d).

## PARTIES

4. Plaintiff Craig K. Martin is an adult and a resident of the State of California. At the time of the incident plaintiff Martin was a licensed attorney in the State of California, in the County of San Francisco. Plaintiff was disbarred by the California Supreme Court on July 22, 2010.

5. Defendant California State Bar is an agency of the State of California, Lucy Armendarz (State Bar Court Judge), Office of the Chief Trial Counsel of the State Bar of California, Lawrence J. Dal Cerro, Assistant Chief Trial Counsel, Allen Blumenthal Supervising Trial Counsel, Sherrie B. McLeychie, Deputy Trial Counsel, Wonder J. Liang, Assigned Deputy Trial Counsel, John W. Matney, Investigator, Susan Chan, Deputy Trial Counsel, Russell G. Weiner, Interim Chief Trial Counsel, Mike A. Nisperos, Jr., Chief Trial Counsel, Donald Steedman, Supervising Trial Counsel, Robert A. Endries, Deputy Trial Counsel.

6. Plaintiffs are ignorant of the true names and capacities of defendants sued herein as Does 1 through 100, inclusive, and therefore sue these defendants by such fictitious names and capacities. Plaintiffs are informed and believe and based thereon allege that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that

COMPLAINT

plaintiffs' injuries as herein alleged were proximately caused by the actions and/or in-actions of said Doe defendants. Plaintiffs will amend this complaint to include the true identities of said doe defendants when they are ascertained.

7.      At all times mentioned, each of the defendants was acting as the agent, principal, employee, and/or employer of one or more of the remaining defendants and was, at all times herein alleged, acting within the purpose, course, and scope of such agency and/or employment for purposes of respondent superior and/or vicarious liability as to all other defendants.

8.      At all times mentioned herein, the defendants, and each of them, employed, hired, trained, retained, and/or controlled the actions of all other defendants, and each of them.

## FACTUAL & PROCEDURAL BACKGROUND

9.   On January 30, 2009, The State Bar has filed a Notice of Disciplinary Charges against the plaintiff in Case No. 06-O-10765 [06-O10818] proceeding with respect to plaintiffs' handling of two matters.

### A. In re: SZETO

(i) The first was a civil action that plaintiff filed on his own behalf against two individuals, Richard Szeto and Anthony Lincoln (hereinafter "Szeto" matter). In the Szeto matter, the State Bar has alleged that plaintiff willfully violated Business and Professions Code, section 6068(c), by failing to maintain such action, proceedings and defenses only as appear legal or just.

(ii) Respondent admits that he filed a civil action against Richard Szeto and Anthony Lincoln (Szeto defendants), San Francisco Superior Court, Case No. 999134, alleging that the Szeto defendants had slandered him by telling third parties that he was using drugs. The allegations in said Complaint were accurate and based upon information that Respondent received from his mentor, Leonard "Lefty" Gordon, the popular executive director of the Ella Hill Hutch Community Center and a force in political, social and economic development campaigns which advanced African Americans. The defamatory statements were made to Mr. Gordon, who informed Respondent of the same.

COMPLAINT

- 3 -

(iii)  Unfortunately, Mr. Gordon, who was to be plaintiff's main witness passed away very suddenly and at the same time, defendants filed a motion for summary judgment.  Based upon Mr. Gordon's demise, plaintiff was not able to obtain a declaration from him, opposing the summary judgment motion.

(iv)  Following the granting of the motion for summary judgment, the Szeto defendants requested sanctions in the form of attorney's fees to be paid by the respondent on the grounds that he acted in bad faith.  Respondent filed an opposition to the Szeto defendants' request for attorney fees.  On July 20, 2000, the trial court denied the Szeto defendants' motion for attorney fees, thereby impliedly finding that there was no bad faith on the part of the Plaintiff in prosecuting the action against the Szeto defendants.

(v)  The Court of Appeal reversed the trial court ruling denying sanctions at 94 Cal. App. 4th 687.

(vi)  However, the Supreme Court granted review and the published decision of the Court of Appeal was depublished by the California Supreme Court.  Further, the California Supreme Court reversed the decision of the Court of Appeal, by its unanimous decision in <u>Martin v Szeto</u> (2004) 32 Cal. 4th 445.

B.    <u>In re: PEREZ</u>

(i)  The second disciplinary charge related to plaintiff's handling of a claim by Maria T. Perez against her former attorney, Michael Keck, who had handled the estate of her deceased husband and who apparently allowed estate properties to go into foreclosure. The State Bar alleged that Plaintiff willfully violated Rules of Professional Conduct, rule 3-110(A) by intentionally, recklessly, or repeatedly failing to perform legal services with competence.

(ii)  Plaintiff had been retained by Maria Perez to "see what he could do about" getting Michael Keck to respond to Ms. Perez's inquiries, regarding the estate of her late husband. Respondent was asked to investigate whether attorney Keck had adequately handled the estate of Maria Perez' late husband. At his death, decedent Joseph L. Perez held title to two pieces of property, both encumbered but claimed by Ms. Perez to have some remaining equity.  Perez had

COMPLAINT

- 4 -

asked attorney Keck to assist her in keeping one of the properties, either through the estate administration or through obtaining a personal loan through the credit union of her labor union. The building was foreclosed upon while the estate was in probate. For the next several months, Plaintiff Martin made attempts to contact Keck in an attempt to obtain the client's file from attorney Keck. Attorney Keck refused to provide Plaintiff with a copy of the file. After many attempts to obtain a copy of file, Plaintiff finally had to threaten to contact the State Bar to assist me in receiving the file from Attorney C.L. Keck.

(iii) Plaintiff admits that in or about May 2001, he recommended that Perez file suit against Michael Keck with regard to the handling of the probate estate of her husband. Keck would not respond to Respondent's attempts to obtain the file. Based upon Perez' allegations and the fact that Plaintiff reasonably believed that the statute of limitations for filing a lawsuit against an attorney was running, Plaintiff recommended that Perez file an action against Keck.

(iv) When Plaintiff contacted Michael Keck, he refused to respond to the letters sent to him. The letters were not returned as undeliverable. Prior to December 12, 2001, after Michael Keck had been served with the summons and complaint, he requested an extension to file a responsive pleading. On or about December 12, 2001, Michael Keck wrote a letter stating that he would not be filing a responsive pleading as per CCP 415.20(a).

(v) In early 2002, Maria Perez informed Plaintiff that Michael Keck was responding to her inquiries and that she was satisfied with the outcome. Maria Perez did not contact Plaintiff, again, until sometime in 2004.

(vi) On July 27, 2005, a First Amended Complaint was filed in the Perez matter. The First Amended Complaint (FAC) stated claims for damages for negligence and for promise made without grounds for believing it to be true and willful concealment. At that time, Plaintiff had still not received a copy of the file from attorney Keck and pled the claims as best he could.

(vii) On or about August 26, 2005, the defendants filed a motion to strike and a demurrer to the FAC. Plaintiff further admits that the basis for defendants' demurrer was that the FAC failed to state facts which supported each element of the causes of action alleged.

COMPLAINT                                   - 5 -

(viii)  On or about September 19, 2005, respondent filed a memorandum of points and authorities in opposition to the demurrer and motion to strike portions of the FAC filed by the defendants.  In said Opposition, Plaintiff repeatedly pointed out that he did not have the file in the case and needed to review it before allegations could be made with further specificity.  Plaintiff also stated that if the Court believed the demurrer was to be sustained, then it provide, with specificity, the grounds for sustaining the demurrer, so that an amended complaint could be filed.

(ix)  The trial court sustained the demurrer with leave to amend.  However, the Court did not specify the grounds for doing so.  The Order filed on October 28, 2005 simply stated that: "Defendant's Motion to Strike portions of, and Demurrer to Plaintiff's First Amended Complaint pursuant to are GRANTED AND SUSTAINED WITH LEAVE TO AMEND; plaintiff having ten days from the date of hearing to file a Second Amended Complaint."

(x)  The FAC stated all facts available to plaintiff at the time.  Since the Court did not specify in what respect the FAC was defective, despite a request in the opposition that the reasons be set forth, Respondent was unable to make further amendments. The Court in sustaining the demurrer, failed to set forth the reasons despite being requested to do so in the opposition.  In this regard, Code of Civil Procedure sec. 472d provided and continues to provide that:

> "Whenever a demurrer in any action or proceeding is sustained, the court shall include in its decision or order a statement of the specific ground or grounds upon which the decision or order is based which may be by reference to appropriate pages and paragraphs of the demurrer."

(xi)  Plaintiff believed that he had sufficiently stated all facts sufficient to state a claim against Keck.  Plaintiff was ready to take the matter on appeal.  The client, Maria Perez, did not however, want to pursue the matter unless Plaintiff could give her a guarantee that the appeal would be successful. However, Perez did not authorize an appeal and did not wish to advance further costs or fees to prosecute an appeal.

(xii)  Plaintiff also filed a motion to set aside all prior sanctions orders based upon his failure(s) to attend the case management conferences in the Perez case. On or about April 7, 2005, the court granted the motion to set aside all the previous sanctions issued against Respondent, on a

COMPLAINT

- 6 -

1  showing of just cause.

2      (xiii)  In Count Two (B) The State Bar alleges that Plaintiff willfully violated Business &

3  Professions Code, section 6068(m) by failing to respond promptly to reasonable status inquiries of

4  a client.

5      (xiv)  Plaintiff communicated with Ms. Perez mainly by telephone calls. Plaintiff always

6  responded to Perez' calls and kept her informed of his attempts to obtain her file from attorney

7  Keck.  Plaintiff did not receive either of Perez' letters allegedly sent in July of 2005.  Plaintiff is

8  unaware as to the address to which Perez mailed the alleged correspondence.  It should be noted

9  that when Ms. Perez contacted Respondent in 2005, it was because Michael Keck had once again

10 failed to follow through with his commitment to Maria Perez and she wanted Plaintiff to pursue the

11 action against Michael Keck. Plaintiff pursuant to Ms. Perez's request, filed and served a First

12 Amended Complaint.

13     (xv)  Had Plaintiff been aware that Perez was seeking a return of the $5,000.00 he

14 would not have taken steps to file the First Amended Complaint, serve the Summons and

15 Complaint, oppose the demurrer, etc.

16     (xvi)   Plaintiff denied that he willfully violated section 6068(m) of the Business and

17 Professions Code.

18     (xvii)  In Count Two (C), The State Bar alleges that Plaintiff willfully violated Business and

19 Professions Code section 6068(m) by failing to keep a client informed of significant developments

20 in a matter in which respondent had agreed to provide legal services.

21     (xviii)  Plaintiff denies that he did not notify Perez until March 22, 2006 that the action had

22 been dismissed.  Plaintiff alleges that he informed Perez telephonically and asked if she wished to

23 pursue an appeal.  Perez was not interested in expending further money or time in pursuing an

24 appeal of the dismissal.

25     (xix)  In Count Two (D),  Plaintiff denies that he willfully violated Rules of Professional

26 Conduct, rule 3-700(A)(2) by failing, upon termination of employment to take reasonable steps to

27 avoid reasonably foreseeable prejudice to his client.  Ms. Perez was concerned about the status of

28

COMPLAINT

- 7 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

her late husband's estate. Ms. Perez wanted to know the status of the funds Michael Keck was holding. Plaintiff devoted hours greater than the $5,000.00 paid to him by Ms. Perez. In addition to reviewing the file and her statements, Plaintiff filed a Complaint, filed a First Amended Complaint, filed opposition to the demurrer to the First Amended Complaint.

(xx)  Plaintiff did not withdraw from Perez' representation. Ms. Perez specifically stated that she did not want to file an appeal from the sustaining of the demurrer. As set forth in the previous paragraphs, the Court sustained a demurrer with leave to amend and granted a motion to strike. Plaintiff believed in good faith that he had set forth all the facts then available to him. The Court did not set forth the grounds on which the demurrer was sustained despite a request for a statement of reasons. Plaintiff believed that he had alleged a claim to the best of his ability, and the matter would most likely be taken on appeal. However, upon notification, Perez was not interested in incurring the expense, cost and time that would be consumed in an appeal. Plaintiff admits that there may have been a communication problem.

(xxi)  Attorney Keck refused to release the file so that Plaintiff could analyze any potential claims. Plaintiff believed that the properties went into foreclosure because payments could not be made by the Estate, and no act or conduct on his part prejudiced Perez. Plaintiff was never in possession of any of the estate assets that Ms. Perez was concerned about and did not cause any loss to the Plaintiff, other than the fees that she paid to him, for services that were performed.

(xxii)  In Count Two (E) plaintiff denies that he willfully violated Rules of Professional Conduct, rule 4-100(B)(3) by failing to render appropriate accounts to a client regarding all funds of the client coming into respondent's possession.

(xxiii)  In connection with the analysis of the claim against Keck, client meetings, filing of the original Complaint, service of the Summons and Complaint, attempts to retrieve the file from Keck, filing of the First Amended Complaint; research and filing of the opposition to the demurrer to the First Amended Complaint and opposition to the motion to strike, plaintiff had exhausted the $5,000 that was originally paid to him. He had verbally notified Perez that the $5,000 paid to him had been used up, and that more monies would be required to file the appeal. Ms. Perez never

COMPLAINT

- 8 -

informed plaintiff that she believed that she was owed a refund of the $5,000 that she had paid nor did she demand a fee dispute hearing.

(xxiv)  In Count Two (F), plaintiff denied that he willfully violated Rules of Professional Conduct, rule 4-100(B)(4) by failing to render appropriate accounts to a client regarding all funds of the client coming into respondent's possession.  Rule 4-100(B)(4) requires an attorney to "promptly pay or deliver, as requested by the client, any funds, securities, or other properties in the possession of the member which the client is entitled to receive." It is respectfully submitted that the $5,000 paid by Perez was explained to be a nonrefundable fee and the Agreement with Perez provided that the $5,000 was a nonrefundable retainer.  In the alternative, plaintiff performed services which consumed all of the $5,000 that he was paid by Perez.  This rule is inapplicable since Perez was not "entitled to receive" any portion of the $5,000 as a refund and did not request a "fee dispute hearing."

(xxv)  Basically, plaintiff was disbarred based upon a fee dispute with a client who claimed he had not accounted to her for $5,000.00 (Five Thousand Dollars).

10.  The defendants' actions were an abuse of discretion and have wrongfully deprived plaintiff of the opportunity to earn a living as an attorney.  He has been unable to earn an income since the date of disbarment as an attorney.  The trial judge issued her order of immediate suspension from the practice law to take effect three (3) days from the date of issuance.  Plaintiff had been practicing law since 1977 and was denied the opportunity to even wind up his affairs.  In every criminal case plaintiff has been involved in both Federal and State Courts, over a 30 year period, a convicted defendant is given time to get their affairs in order.

11.  Plaintiff is an African American male, heterosexual, and believes that defendants treated him harshly and cruelly based upon his race.

## FIRST COUNT

Title 42 USC §§1983,

(Deprivation of Civil Rights and Conspiracy Against all Defendants)

12.  Plaintiff repeats, realleges and incorporates by reference all of the preceding

COMPLAINT

- 9 -

1 | paragraphs 1 through 11, as though set forth fully herein.

2 | 13.   Plaintiff is informed and believes and based thereon alleges that as to all Defendants,

3 | and each of them, each was acting pursuant to official, *de facto* policies and in concert with one

4 | another when they injured Plaintiff; each was acting in concert with the co-defendants, with the

5 | shared objective to injure the plaintiff The violations included but were not limited to the

6 | following: denial of due process, and deprivation of civil rights in violation of Title 42 USC section

7 | 1983.

8 | 14.   The conduct of the defendants, and each of them, deprived plaintiff of the

9 | rights, privileges, and immunities secured by the Constitution of the United States. The defendants

10 | denied plaintiff a fair trial by refusing to produce exculpatory evidence in their possession.  By

11 | refusing to allow the plaintiff to take the depositions of Jacqueline Carpenter, Larry DeSha and the

12 | Person Most Knowledgeable (PMK).  Plaintiff was denied his right to obtain documents by

13 | subpoena from the State Bar.

14 | 15.   Each of the acts complained of herein was committed by the defendants, and each

15 | of them, under the color and pretense of the statutes, ordinances, regulations, customs, and usages

16 | of the State Bar of California.

17 | 16.   As a direct and proximate result of the defendants' conduct, as alleged herein,

18 | plaintiff has been deprived of the ability to earn a living.  He has suffered physical injuries, fright,

19 | shock, pain, suffering, and extreme mental anguish. Accordingly plaintiff has suffered past and

20 | future general damages in amounts to be determined by proof at trial.

21 | 17.   As a direct and proximate result of the defendants' conduct, the plaintiff  lost

22 | income. Plaintiff suffered past and future special damages in amounts to be determined by proof at

23 | trial.

24 | Wherefore, plaintiff prays for judgment as hereinafter set forth.

25 | **SECOND CAUSE OF ACTION**

26 | **(Against All Defendants)**

27 | 18.   Plaintiff repeats, realleges and incorporates by reference all of the preceding

28 |

COMPLAINT

- 10 -

1    paragraphs 1 through 17, as though set forth fully herein.

2        19.    Through their abuse of discretion, the State Bar, its employees named herein and

3    State Bar Court acted unreasonable, willfully, maliciously and oppressively prosecuted plaintiff

4    with a conscious disregard for plaintiff's rights with the sole intent to harm plaintiff. The

5    defendants and each of them knew or should have known that Plaintiff did not violate Business and

6    Professions Code section 6068(c) by maintaining an action against the Szeto defendants.  The

7    defendants brought charges against Plaintiff knowingly aware that Plaintiff's action against the

8    Szeto defendants was appealed to the California Supreme Court and that Plaintiff had prevail on an

9    unanimous opinion on February 19, 2004. The defendants filed their action against plaintiff 20 days

10   short of five (5) years.

11       20.    As a proximate cause of the defendants' conduct, plaintiff has been deprived of the

12   opportunity to earn a living and has incurred attorney fees.

13       Wherefore, plaintiff prays for judgment as hereinafter set forth.

14                              **COUNT THREE**

15                          **Prospective Injunctive Relief**

16       21.   Plaintiff repeats, realleges and incorporates by reference all of the preceding

17   paragraphs 1 through 20, as though set forth fully herein.

18       22.   Plaintiff alleges that the findings of Judge Armendarz were not supported by the

19   evidence and was an abuse of discretion.  Judge Armedarz denied plaintiff a fair trial by refusing to

20   allow for the taking of percipient witnesses and allowing for the discovery of exculpatory evidence.

21   The remaining defendants violated plaintiff's civil right by refusing to produce exculpatory

22   evidence that they have in their possession. The defendants each and all of them knowingly

23   conspired to deprive the plaintiff of his constitutionally protected rights to be free of discriminatory

24   practices on the part of the State Bar and its employees. The denial of rights resulted in plaintiff

25   being denied a fair and impartial trial.

26       23. The Defendant State Bar has unconstitutionally disbarred plaintiff from the practice of

27   law and deprived plaintiff from earning a living.

28

COMPLAINT
                                         - 11 -

24.   The State Bar's actions, unless and until enjoined and restrained by an order of this court will cause great and irreparable injury to the Plaintiffs in that it will further perpetuate and continue the unconstitutional denial or plaintiff's civil rights, thereby permanently depriving Plaintiff of his rights in being a licensed attorney.

25.   Plaintiffs have no adequate remedy at law for the injuries currently being suffered in that money damages cannot be measured, and unless enjoined, defendants and each of their wrongful conduct, and it will be impossible to determine the precise amount of damages that Plaintiffs will suffer, if defendants' conduct is not enjoined and directed to reinstate plaintiff is good standing with the California State Bar..

26.   The defendants, and each of them, knowingly and willfully conspired and agreed among themselves to violate plaintiff's civil rights and deprive him of his right to make a living.

27   As a direct and proximate result of the defendants' conduct, as alleged herein, plaintiff suffered physical injuries, fright, shock, pain, suffering, and extreme mental anguish. Accordingly plaintiff has suffered past and future general damages in amounts to be determined by proof at trial.

Wherefore, plaintiff prays for judgment against the defendants as follows:

Plaintiff demands a Trial by Jury.

First Count

(a)   Reinstatement as a member in good standing of the California State Bar.

(b)   Past and future general damages, including, but not limited to, loss of earnings, pain and suffering, and emotional distress, in an amount to be determined according to proof at trial;

(c)   Costs of suit incurred herein and a reasonable attorney fee if permitted by statute;

(d)   For such other and further relief as the court may deem proper.

Second Count

(a)   Reinstatement as a member in good standing of the California State Bar.

(b)   Past and future general damages, including, but not limited to, loss of earnings, pain and suffering, and emotional distress, in an amount to be determined according to proof at trial;

COMPLAINT

- 12 -

(c)  Costs of suit incurred herein and a reasonable attorney fee if permitted by statute;

(d)  For such other and further relief as the court may deem proper.

Third Count

(a)  Injunctive Relief and an order directing the State bar to re-instate plaintiff as a member of the State Bar of California, in good standing;

(b)  Costs of suit incurred herein;

(c)  Attorney fees if permitted by statute; and

(d)  For such other and further relief as the court may deem proper.

Dated: July 21, 2011

LAW OFFICES OF CRAIG K. MARTIN

*By:* _____

CRAIG K. MARTIN
Attorneys In Pro Per