IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG K. MARTIN,<br><br>  Plaintiff,<br><br>   v.<br><br>STATE BAR OF CALIFORNIA; OFFICE OF THE CHIEF TRIAL COUNSEL, STATE BAR OF CALIFORNIA; LAWRENCE J. DAL CERRO, Assistant Chief Trial Counsel; ALLEN BLUMENTHAL, Supervising Trial Counsel; WONDER J. LIANG, Assigned Deputy Trial Counsel; JOHN W. MATNEY, Investigator; SUSAN CHAN, Deputy Trial Counsel; RUSSELL G. WEINER, Interim Chief Trial Counsel; DONALD STEEDMAN, Supervising Trial Counsel; ROBERT A. ENDRIES, Deputy Trial Counsel; SHERRIE B. MCLETCHIE; MIKE A. NISPEROS, JR.; and DOES 1-50,<br><br>  Defendants.<br>_____/ | No. C 11-3601 CW<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, GRANTING MATTANIAH EYTAN's MOTION TO DISMISS, AND QUASHING SERVICE UPON EYTAN (Docket Nos. 15 and 41) |

   Defendants State Bar of California, Office of the Chief Trial Counsel, Judge Lucy Armendariz,[1] Lawrence J. Dal Cerro, Allen Blumenthal, Sherrie B. McLetchie, Wonder J. Liang, John W. Matney, Susan Chan, Russell G. Weiner, Donald Steedman, and Robert A. Endries (Moving Defendants) move to dismiss Plaintiff Craig K. Martin's complaint against them.  Plaintiff opposes their motion. Mattaniah Eytan, who is not a named Defendant in this case, also

---

[1] Judge Lucy Armendariz was not named as a defendant in the caption of the complaint.  However, she was included in the list of Defendants within the body of the complaint.  Compl. ¶ 5. Plaintiff also served her with process on October 17, 2011.  See Docket No. 30.

moves to dismiss Plaintiff's complaint. The Court previously took Moving Defendants' motion under submission on the papers and now takes Eytan's motion under submission as well. Having considered the papers filed by the parties, the Court GRANTS both motions and dismisses Plaintiff's complaint in its entirety. The Court also QUASHES service upon Eytan.

## BACKGROUND

I. The State Bar and the California Attorney Discipline System

"The State Bar is a constitutional entity, placed within the judicial article of the California Constitution, and thus expressly acknowledged as an integral part of the judicial function." In re Rose, 22 Cal. 4th 430, 438 (2000) (citing Cal. Const., Art. VI, § 9; In re Attorney Discipline System, 19 Cal. 4th 582, 598-99 (1998)). It is "a public corporation" created "as an administrative arm" of the California Supreme Court "for the purpose of assisting in matters of admission and discipline of attorneys." Id. (internal citations and quotations omitted). "The State Bar Court, however, is not itself a judicial court established by article VI" of the California Constitution. Id.

"The State Bar Court Hearing Department . . . conducts evidentiary hearings on the merits in disciplinary matters." Id. at 439 (citing Rules of Procedure of California State Bar, 2.60, 3.16.). "The Hearing Department renders a written decision recommending whether the attorney should be disciplined." Id. (citing Rule 220). "Any disciplinary decision of the Hearing Department is reviewable by the State Bar Court Review Department . . . at the request of the attorney or the State Bar." Id. (citing Rule 301(a)). "The Review Department independently

reviews the record, files a written opinion, and may adopt findings, conclusions, and a decision or recommendation at variance with those of the Hearing Department." Id. (citing Rule 305). "A recommendation of suspension or disbarment, and the accompanying record, is transmitted to [the California Supreme Court] after the State Bar Court's decision becomes final." Id. (citing Cal. Bus. & Prof. Code § 6081, Rule 250).

"In creating the State Bar and the State Bar Court, the Legislature expressly acknowledged that [the California Supreme Court] retains all disciplinary authority the court had prior to the passage of the State Bar Act." Id. (citing Cal. Bus. & Prof. Code §§ 6087, 6100). "The State Bar may make only recommendations to [the California Supreme Court], which undertakes an independent determination whether the attorney should be disciplined as recommended." Id. (internal citations and quotations omitted). "This limitation upon the State Bar's authority distinguishes the State Bar Court from other quasi-judicial or administrative agencies rendering initial decisions--rather than recommendations --that subsequently may be reviewed by courts of record." Id.

"Any person complained against . . . may have the action of the [State Bar Court] . . . reviewed by the California Supreme Court or by a California Court of Appeal in accordance with the procedure prescribed by the California Supreme Court." Id. (citing Cal. Bus. & Prof. Code § 6082). When no petition for review or to reverse or modify the State Bar Court's decision has been filed, or if such a petition is denied, the State Bar Court's decision becomes "final and enforceable." Cal. Bus. & Prof. Code § 6084(a). Where a petition is filed, the California Supreme

Court is required to "make such order as it may deem proper in the circumstances."  Id.

II.  The Instant Action

On January 30, 2009, the State Bar of California filed a notice of disciplinary charges against Plaintiff alleging professional misconduct in relation to Plaintiff's involvement in two civil matters.  Compl. ¶ 9.  On January 6, 2010, Defendant Lucy Armendariz, Judge of the State Bar Court, recommended that Plaintiff be disbarred from the practice of law in California and ordered that he be involuntarily enrolled as an inactive member of the State Bar effective three days after service of her decision and order.  Defs.' Request for Judicial Notice (RJN), Ex. A (January 6, 2010 Order).[2]  On February 17, 2010, Judge Armendariz denied Plaintiff's petition for a stay of the order for his inactive enrollment.  RJN, Ex. B.

Plaintiff petitioned the Review Department of the State Bar Court for review and for an order allowing payment of costs of the transcript on an installment plan.  On February 26, 2010, finding that no good cause had been shown, the Review Department denied the latter request.  RJN, Ex. C.  At that time, the Review Department also warned Plaintiff that failure to pay the required deposit within fifteen days would result in dismissal of his

---

[2] Defendants request that this Court take judicial notice of certain decisions and orders that were filed by the State Bar Court and the California Supreme Court during Plaintiff's disciplinary proceedings.  Plaintiff has not opposed this request.  Because these filings "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," the Court GRANTS Defendants' request.

4

1 request for review.  Id.  On March 25, 2010, the Review Department
2 dismissed Plaintiff's request for review with prejudice, because
3 he had failed to make the required payment by that time.  RJN, Ex.
4 D.  The Review Department also made Judge Armendariz's decision
5 the final decision of the State Bar Court.  Id.

6   On July 22, 2010, the California Supreme Court issued an en
7 banc order disbarring Plaintiff from the practice of law in
8 California and striking his name from the roll of attorneys.  RJN,
9 Ex. E.

10   Plaintiff filed the instant action on July 21, 2011.
11 Defendants include the State Bar itself, the department thereof
12 that is responsible for investigating and prosecuting attorney
13 discipline cases, and various current and former employees of the
14 State Bar who were involved in investigating, prosecuting and
15 adjudicating the disciplinary case against Plaintiff.  Plaintiff
16 alleges that their actions were an abuse of discretion, that they
17 denied him due process by not producing certain documents or
18 allowing him to take various depositions, and that they deprived
19 him of his civil rights in violation of 42 U.S.C. § 1983.
20 Plaintiff states that he "believes that defendants treated him
21 harshly and cruelly based upon his race."  Compl. ¶ 11.  Plaintiff
22 seeks reinstatement as a member in good standing of the California
23 State Bar, past and future general damages, costs of suit and
24 attorneys' fees.  In his opposition to the instant motion,
25 Plaintiff also states that he seeks an order "instructing the
26 State Bar to produce all relevant evidence including any
27 exculpable evidence" that was not disclosed during the
28 disciplinary proceedings.  Opp. at 26-27.

5

Moving Defendants now seek dismissal of Plaintiff's suit under Federal Rule of Civil Procedure 12(b)(1) and (6).

One named Defendant, Mike A. Nisperos, Jr., did not join in the instant motion. Plaintiff has not filed proof of service on Nisperos, who he alleges was the Chief Trial Counsel at the State Bar. Compl. ¶ 5.[3] Because Plaintiff filed this complaint on July 21, 2011, under Federal Rule of Civil Procedure 4(m), service of process on this Defendant should have been perfected by November 18, 2011. On December 5, 2011, this Court ordered Plaintiff to file proof of timely service upon Nisperos and warned that failure to do so would result in dismissal of the charges against him for failure to prosecute. Docket No. 29.

On March 30, 2012, Mattaniah Eytan, who is not named as a Defendant in the complaint or otherwise mentioned in it, filed a motion to dismiss Plaintiff's complaint. On March 9, 2012, a process server had served Eytan with the complaint. Eytan Decl. ¶ 1. Eytan was the attorney of record for certain parties sued by Plaintiff in a case before the San Francisco Superior Court, which was later the subject of some of the allegations of professional misconduct that resulted in his disbarment. Id. at ¶ 2; (RJN), Ex. A. The trial and appellate proceedings in that case took place between 1998 and 2004. Eytan Decl. ¶ 2. Eytan has never performed any work for the State Bar. Id.

---

[3] Moving Defendants state that Nisperos is no longer employed at the State Bar. Mot. at 3 n.2.

6

LEGAL STANDARD

Subject matter jurisdiction is a threshold issue which goes to the power of the court to hear the case. Federal subject matter jurisdiction must exist at the time the action is commenced. Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988). A federal court is presumed to lack subject matter jurisdiction until the contrary affirmatively appears. Stock W., Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989). As the party asserting federal jurisdiction, Plaintiff has the burden of establishing it. United States v. Orr Water Ditch Co., 600 F.3d 1152, 1157 (9th Cir. 2010). Dismissal is appropriate under Rule 12(b)(1) when the district court lacks subject matter jurisdiction over the claim. Fed. R. Civ. P. 12(b)(1).

DISCUSSION

Moving Defendants assert that the Eleventh Amendment bars Plaintiff's claims against the State Bar and its current and former employees in their official capacities.[4]

Moving Defendants argue, and Plaintiff does not dispute, that Plaintiff's claims against Defendant State Bar of California are absolutely barred by the Eleventh Amendment. The Eleventh

---

[4] Plaintiff does not state in his complaint whether he is suing the individual defendants in their official or personal capacities. Moving Defendants assert that "it is clear that [Plaintiff] is suing these defendants only in their official capacities," because he alleges "that these defendants violated their official obligations." Mot. at 6 n.5. Plaintiff does not dispute this and limits his response to claims against these defendants in their official capacities. See Am. Opp. at 25 (discussing Eleventh Amendment immunity for actions "against officials in their official capacity").

7

Amendment's grant of sovereign immunity bars suits against states in the absence of consent. See Seminole Tribe v. Fla., 517 U.S. 44 (1996); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984); Hans v. Louisiana, 134 U.S. 1 (1890).  "The Eleventh Amendment's jurisdictional bar covers suits naming state agencies and departments as defendants, and applies whether the relief sought is legal or equitable in nature." Brooks v. Sulpher Springs Valley Elec. Co-Op, 951 F.2d 1050, 1053 (9th Cir. 1991). See also Hirsh v. Justices of the Supreme Court, 67 F.3d 708, 715 (9th Cir. 1995) (suit seeking monetary damages from the California State Bar Court and the California State Bar Association barred); Lupert v. California State Bar, 761 F.2d 1325, 1327 (9th Cir. 1985) (suit against the State Bar Board of Governors and the Committee of Bar Examiners of the State Bar of California barred). Thus, Plaintiff's claims against the State Bar of California and the Office of the Chief Trial Counsel are barred by the Eleventh Amendment.

Moving Defendants also argue that Plaintiff's claims against the State Bar employees acting in their official capacities are barred by the Eleventh Amendment.  Eleventh Amendment immunity extends to suits for damages brought against state officials acting in their official capacity. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989).  Accordingly, the Eleventh Amendment bars Plaintiff's claims for damages against the individual Defendant State Bar employees.  However, the Eleventh Amendment does not bar a request for prospective injunctive relief against a state official acting in his or her official capacity.

1 Edelman v. Jordan, 415 U.S. 651, 664 (1974); Pena v. Gardner, 976
2 F.2d 469, 473 n.5 (9th Cir. 1992).

3 Nevertheless, Plaintiff's claims against all Defendants for
4 prospective injunctive relief and reinstatement are barred by the
5 Rooker-Feldman doctrine.  Under this doctrine, the federal
6 district courts do not have jurisdiction to review state court
7 orders and judgments, which rests only with the United States
8 Supreme Court.  Rooker v. Fidelity Trust Co., 263 U.S. 413, 416
9 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S.
10 462, 486-87 (1983).  "Rooker-Feldman is a powerful doctrine that
11 prevents federal courts from second-guessing state court decisions
12 by barring the lower federal courts from hearing de facto appeals
13 from state-court judgments."  Bianchi v. Rylaarsdam, 334 F.3d 895,
14 898 (9th Cir. 2003).  Thus, "[i]f claims raised in the federal
15 court action are 'inextricably intertwined' with the state court's
16 decision such that the adjudication of the federal claims would
17 undercut the state ruling . . ., then the federal complaint must
18 be dismissed for lack of subject matter jurisdiction."  Id.
19 (citing Feldman, 460 U.S. at 483 n.16 & 485).

20 Although the Rooker-Feldman doctrine does not prohibit
21 district courts from considering a general constitutional
22 challenge to a State Bar rule of general applicability, it does
23 bar challenges to state court decisions in individual cases even
24 if those challenges allege that the state court's action was
25 unconstitutional.  Feldman, 460 U.S. at 483-486; Mothershed v.
26 Justices of Supreme Court, 410 F.3d 602, 606-07 (9th Cir. 2005).
27 "Orders of a state court relating to the admission, discipline,
28 and disbarment of members of its bar may be reviewed only by the

9

Supreme Court of the United States on certiorari to the state court, and not by means of an original action in a lower federal court." Feldman, 460 U.S. at 482 n.16. Thus, this Court does not have subject matter jurisdiction where the plaintiff seeks review of his individual disbarment and does "not present a general challenge to the California bar's policy." Mothershed, 410 F.3d at 607 (citing Craig v. State Bar of California, 141 F.3d 1353, 1354 (9th Cir. 1998)).

Plaintiff does not assert a general constitutional challenge to the State Bar disciplinary system. Instead, he seeks review of his own disciplinary proceeding before the California State Bar and the California Supreme Court's order disbarring him from the practice of law in California. Therefore, the Rooker-Feldman doctrine bars Plaintiff's claims.

Accordingly, the Court GRANTS Moving Defendants' motion to dismiss Plaintiff's complaint against them in its entirety based on both Eleventh Amendment immunity and the Rooker-Feldman doctrine. Because the Court dismisses the complaint based on lack of subject matter jurisdiction, it does not reach the Moving Defendants' arguments for dismissal under Rule 12(b)(6).

The Court also dismisses Plaintiff's claim against the remaining named Defendant, Nisperos, because the grounds for dismissal of claims against the other State Bar Defendants apply equally to the claims against him. See Silverton v. Department of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981) ("A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims

10

against such defendants are integrally related."); see also Abagninin v. AMVAC Chem. Corp., 545 F.3d 733, 742 (9th Cir. 2008) (noting that the Ninth Circuit has "upheld dismissal with prejudice in favor of a party which had not appeared, on the basis of facts presented by other defendants which had appeared").

Finally, the Court dismisses Plaintiff's complaint to the extent that Plaintiff seeks to prosecute it against Mattaniah Eytan; the Court also quashes service upon Eytan. As previously noted, Eytan is not mentioned in the complaint and is not the subject of any allegations therein. To the extent that Plaintiff intended to include allegations against Eytan as an unnamed Doe Defendant, Plaintiff was aware of Eytan's identity prior to instituting this suit and could have directly named him in the complaint at that time. "As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Courts may permit an exception to this general rule "where the identity of alleged defendants will not be known prior to the filing of a complaint." Id. Here, no such circumstance arises. Further, the 120-day period for timely service pursuant to Rule 4(m) passed on November 15, 2011, almost four full months before Plaintiff effected service upon Eytan, and Plaintiff never sought an enlargement of that time period.

## CONCLUSION

For the reasons set forth above, Moving Defendants' motion to dismiss is GRANTED (Docket No. 15). Plaintiff's complaint against State Bar of California, Office of the Chief Trial Counsel, Judge Lucy Armendariz, Lawrence J. Dal Cerro, Allen Blumenthal, Sherrie

11

B. McLetchie, Wonder J. Liang, John W. Matney, Susan Chan, Russell G. Weiner, Donald Steedman, Robert A. Endries and Mike A. Nisperos, Jr. is dismissed with prejudice.  Mattaniah Eytan's motion to dismiss is also GRANTED (Docket No. 41) and the Court QUASHES SERVICE upon Eytan.

    The Clerk shall enter judgment and close the file. Defendants shall recover their costs from Plaintiff.

    IT IS SO ORDERED.

Dated: 4/11/2012

CLAUDIA WILKEN
United States District Judge